IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEVONTE RAINS,<br><br>   Plaintiff,<br><br> v.<br><br>WARDEN BRIAN COLEMAN,<br><br>   Defendant. | CIVIL ACTION NO.: 5:22-cv-58 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Affidavit and Authorization for Withdrawal from Inmate Account, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

### PLAINTIFF'S CLAIMS[1]

Plaintiff, an inmate proceeding pro se, brings a 42 U.S.C. § 1983 suit against Defendant, the Warden at Ware State Prison ("WSP") in Waycross, Georgia. Doc. 1. Plaintiff originally filed his action in the Northern District of Georgia, and that Court transferred this cause of action to the Waycross Division of this Court. Doc. 3. Plaintiff asserts officials used excessive force

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

against him while he was secured in Tier II segregation at WSP.  Doc. 1 at 4.  Plaintiff contends the use of force caused a hole in his lower lip and abrasions on his temple, arms, and back.  Id. at 5.  Plaintiff states he attempted to get medical attention for his injuries, to no avail.  Id.  Plaintiff seeks monetary relief.  Id.

## DISCUSSION

I.      **Dismissal for Abuse of Judicial Process**

The Complaint form directly asks Plaintiff whether he has "filed other lawsuits in federal court while incarcerated in any institution."  Doc. 1 at 1.  Plaintiff only disclosed one other case that he filed.  Id. at 1–2.  However, Plaintiff's litigation history reveals he filed at least two other causes of action prior to executing his Complaint on August 12, 2022: Rains v. Coleman, Case No. 5:22-cv-15 (S.D. Ga. Jan. 5, 2022, filed Mar. 17, 2022), ECF No. 1; and Rains v. Coleman, Case No. 5:22-cv-31 (S.D. Ga. May 9, 2022, signed May 3, 2022) (complaining of same events in instant Complaint), ECF No. 1.  However, Plaintiff did not disclose this prior litigation history.  Doc. 1 at 1–2.  This is especially glaring given the recency of Plaintiff's previous filings.[2]

Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915.  Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original)

---

[2]   In fact, one of the undisclosed cases was dismissed due to Plaintiff's failure to follow this Court's Orders.  Rains v. Coleman, Case No. 5:22-cv-31, ECF No. 8.  After the case was dismissed, Plaintiff moved to reopen the case, and that motion was denied.  Plaintiff's motion to reopen was dated August 12, 2022, the same day he executed his Complaint in this case.  This shows Plaintiff was aware of the other case but failed to identify it when he filed this case.

(quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's non-disclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Plaintiff filed a Complaint and had ample opportunity to explain his prior litigation history but failed to do so.  Doc. 1.  Even if he were to later provide an explanation for his lack of candor, the undersigned is free to reject the proffered reason as unpersuasive.  See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were

considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation . . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1 at 1–2. In addition, Plaintiff declared "under penalty of perjury" the contents of his Complaint were "true and correct." Id. at 6. Consequently, the Court should **DISMISS** this action, **without prejudice**, for Plaintiff's failure to truthfully disclose his litigation history, as required.

**II.    Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  The Court **DENIES as moot** Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA